IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WANDA EARLS                                                                         PLAINTIFF

V.                          CASE NO.: 3:15-CV-361-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Wanda Earls has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.[1]

**Background**

Ms. Earls alleged that she became limited in her ability to work due to arthritis, depression, anxiety, high blood pressure, high cholesterol, bilateral carpal tunnel syndrome, hip pain, and panic attacks. (SSA record at 200) After conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Ms. Earls had not been under a disability within the meaning of the Social Security Act at any time from February 1, 2011, through July 10, 2014, the date of his decision. (*Id*. at 23) On September 8, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #5)

[2] The Honorable John H. Goree.

ALJ's decision the final decision of the Commissioner. (*Id*. at 1-5) Ms. Earls then filed her complaint initiating this appeal. (Docket #2)

Ms. Earls was 49 years old at the time of the hearing and lived with her husband. (SSA record at 34) She had a high school diploma. (*Id*. at 35) She had past relevant work as a tractor operator, grocery store deli cashier, and shoe factory machine splitter. She stopped working when her job for the Census Bureau "ran out." (*Id*. at 36-43)

**The ALJ's Decision**

The ALJ found that Ms. Earls had not engaged in substantial gainful activity since her alleged onset date and that her degenerative disc disease of the lumbar spine, depressive disorder, anxiety disorder, pain disorder (associated with both medical and psychological factors) mild carpal tunnel syndrome, obesity, and history of interstitial cystitis with residuals were severe impairments. (*Id*. at 19-20) He further found that Ms. Earls's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id*. at 21-23)

Based on his findings, the ALJ concluded that, during the relevant time period, Ms. Earls retained the residual functional capacity ("RFC") for light work, except she could only occasionally climb, stoop, crouch, kneel, and crawl; could frequently but not constantly reach and handle; could not drive; must work in an indoor environment with available restrooms; and could only perform unskilled and low-level semi-skilled work where she would understand, remember, and follow concrete instructions and with

superficial contact with supervisors, coworkers and the public.  (*Id*. at 21-23)  After hearing testimony from a vocational expert, the ALJ determined that Ms. Earls could perform her past relevant work as a shoe factory machine splitter and grocery deli cashier.  (*Id*. at 23)  Thus, the ALJ concluded, Ms. Earls was not disabled.  (*Id*. at 23)

**Ms. Earls's Allegations**

Ms. Earls generally challenges the ALJ's decision, but focuses on the ALJ's determination that she could do a limited range of light work.  She claims that the ALJ should have performed a function-by-function analysis and ordered an orthopedic consultative exam to evaluate her exertional limitations.  She complains that the ALJ did not account for her limitations in social functioning and erred by failing to consider her Global Assessment of Functioning ("GAF") score of 50.  For these reasons, she says, substantial evidence does not support the decision.

**Standard on Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Papesh v. Colvin*, 786 F.3d 1126, 1131(8th Cir. 2015); see also 42 U.S.C. §§ 405(g).  Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

**Residual Functional Capacity**

A claimant's allegations alone are not enough to prove she is disabled; the claimant must prove disability with medical evidence. See 42 U.S.C. § 423 (d)(5)(A), 20 C.F.R. § 404.1508. Ms. Earls provided medical evidence that showed a diagnosis of degenerative joint disease of the lumbar spine after a CT scan revealed significant facet degenerative changes at L4-5 with mild left neural foraminal narrowing at L3-4 and L4-5. (SSA record at 274-75) The radiologist noted, however, there was no evidence of nerve involvement. (*Id*. at 274)

An examination resulted in mostly normal findings with some tenderness in the right lower back, but no pain with straight leg raise. (*Id*. at 277) Ms. Earls did not regularly return for back treatment and did not require prescription pain medication. (*Id*. at 260-62)

On March 10, 2012, state agency physician David Hicks, M.D., assessed Ms. Earls with a residual functional capacity of medium work with postural limitations. (*Id*. at 326) On May 15, 2012, Jonathan Norcross, M.D., affirmed that assessment. (*Id*. at 355) The ALJ found, however, that her degenerative disc disease, exacerbated by her obesity and hypertension, warranted a reduction to light work. (*Id*. at 22)

To the extent Ms. Earls complains that the ALJ erred by failing to perform a function-by-function analysis of her work-related abilities, the light-work determination embodies an implicit finding that Ms. Earls had the functional capacity to do light work.

(#12 at pp. 3-4)  *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (record reflected implicit finding about claimant's ability to sit, stand, and walk).  Ms. Earls does not point to evidence, other than the results of her CT scan, to indicate she lacked the capacity to perform the standing requirement for light work.  Indeed, the record indicates that Ms. Earls was capable of performing some chores and cared for her 70-year-old mother, who was sick with colon cancer.  (SSA record at 49-51)

The ALJ must fairly and fully develop the record as to the matters at issue. *Strongson v. Barnhart*, 361 F.3d 1066, 1071 (8th Cir. 2004).  Ms. Earls contends that the ALJ should have ordered an orthopedic consultative exam to evaluate her exertional limitations.  But an ALJ is required to order medical examinations and tests only if the medical records presented do not give sufficient medical evidence to determine whether the claimant is disabled.  *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Ms. Earls saw medical providers fairly regularly for management of her hypertension, anxiety, and depression.  The records do not document additional limitations flowing from her degenerative disc disease of her lumbar spine and, consequently, there was no need for a consultative orthopedic examination.

Ms. Earls complains that the ALJ did not account for her limitations in social functioning.  Simple, routine, repetitive work involves superficial interpersonal contact. No evidence suggests that Ms. Earls lacked social skills needed for incidental interpersonal contact.  Samuel B. Hester, Ph.D., who performed a mental consultative

examination of Ms. Earls, found that she could communicate effectively, could cope with the mental demands of basic work tasks, and had the ability to sustain persistence in completing tasks. (SSA record at 313)

Finally, Ms. Earls complains that the ALJ erred by failing to consider her GAF score of 50. A GAF score, by its very nature, is imprecise and is simply a "subjective determination that represents the clinician's judgment of the individual's overall level of functioning." See *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) [internal quotation omitted]. Ms. Earls's reliance on the consulting mental examiner's one-time GAF score provides no basis for relief because a clinician's assessment has no direct correlation to the ALJ's determination of disability. *Id*. 974-75. Here, the ALJ based his RFC assessment on the evidence as a whole, including Dr. Hester's conclusion that Ms. Earls could perform basic work activities. (SSA record at 22)

**Conclusion**

Substantial evidence supports the ALJ's decision denying Ms. Earls's application. The ALJ made no legal error. For these reasons, Ms. Earls's request for relief (#2) is DENIED, and the decision denying the application for benefits is AFFIRMED.

DATED this 21st day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE